IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

GLO KAUFMAN,                                                                     PLAINTIFF,

VS.                                          CIVIL ACTION NO. 2:07CV48-P-A

ROBINSON PROPERTY GROUP, L.P.,
d/b/a HORSESHOE CASINO & HOTEL,                          DEFENDANT

## FINAL JUDGMENT

These matters come before the Court upon Defendant's motions to dismiss [6,15]. After due consideration of the motions, the Court finds as follows, to-wit:

The plaintiff[1] filed the instant Complaint on March 26, 2007. The defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The plaintiff filed no response to the motion to dismiss, nor did she seek additional time to do so. The plaintiff was granted leave to file an Amended Complaint, which was filed on July 2, 2007. The defendant filed another Rule 12(b)(6) motion to dismiss on July 10, 2007. The plaintiff's deadline to respond to that motion was July 27, 2007, almost four months ago. The plaintiff filed no response, nor did she otherwise contact the Court to request additional time to do so.

Uniform Local Rule 7.2(c)(3) requires a party to notify the Court if it intends not to respond to a motion. Uniform Local Rule 7.2(c)(2) allows the Court to grant a motion to which no response

---

[1] This suit was filed with the style indicating that the plaintiff is "Glo Kaufman, by her Daughter & Attorney in Fact, Deborah Kaufman." By its Order of October 2, 2007, the Court prohibited Deborah Kaufman from representing her mother since a power of attorney does not confer the right to practice law without a license. Although one is entitled to represent oneself *pro se* without a law license, one who has no law license may not represent another person pursuant to Mississippi law. It is a crime in Mississippi to practice law without a license. The plaintiff, Glo Kaufman, notified the Court on October 18, 2007 of her intention to proceed in this case *pro se*.

1

was filed. Nevertheless, the Court concludes that this action should be dismissed on the merits because the applicable statute of limitations period has run.

The plaintiff alleges that she slipped and fell on the defendant's property on January 31, 2003. She filed the instant action on March 26, 2007. Mississippi Code Annotated § 15-1-49 provides that the applicable statute of limitations period for this case is three years from the date the cause of action accrued. The cause of action accrued on the date the plaintiff knew of her injury, which was undisputedly on January 31, 2003. Thus, the plaintiff had until January 31, 2006 by which to file this suit. Instead, she filed it almost fourteen months after the statute of limitations period ran.

Mississippi Code Annotated § 15-1-67 provides that if a person "liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered." The plaintiff argues in her Amended Complaint that the three-year statute of limitations period should be tolled, alleging fraudulent concealment because the defendant misrepresented or "lulled" her into believing they would enter into a settlement agreement. Assuming for the sake of argument that this is true, this does not constitute fraudulent concealment of the *accrual* of the plaintiff's cause of action. Rather, accrual occurred when the plaintiff knew of her injury which was on January 31, 2003. Thus, pursuant to § 15-1-67, the Court concludes that the defendant did not "fraudulently conceal the cause of action from the knowledge of the person entitled thereto."

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The defendant's first motion to dismiss [6] is **DENIED AS MOOT**;

(2) The defendant's second motion to dismiss [15] is **GRANTED**; therefore,

(3) All of the plaintiff's claims against the defendant are **DISMISSED WITH PREJUDICE**; and

(4) This case is **CLOSED**.

**SO ORDERED** this the 27th day of November, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE