# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**GLO KAUFMAN,**                                                 **PLAINTIFF,**

**VS.**                             **CIVIL ACTION NO. 2:07CV048-P-A**

**ROBINSON PROPERTY GROUP, L.P., et al.,**
**d/b/a Horseshoe Casino & Hotel,**                          **DEFENDANT.**

## MEMORANDUM OPINION

This matter comes before the court upon the defendant's motion to dismiss the plaintiff's claims for failure to list claims on her bankruptcy petition [49]. After due consideration of the motion and the responses filed thereto, the court is prepared to rule.

## I. FACTUAL BACKGROUND

The plaintiff allegedly slipped and fell on the defendant casino's property on January 31, 2003. She filed suit on March 26, 2007. The court granted the defendant's motion to dismiss on November 28, 2007, concluding that the plaintiff failed to state a claim for fraudulent concealment and therefore the three-year statute of limitations period ran on the plaintiff's claims on January 31, 2006 – over a year before the plaintiff filed her suit. On November 13, 2008 the Fifth Circuit Court of Appeals vacated this court's dismissal, concluding that the plaintiff had stated a claim for the equitable estoppel tolling of the limitations period based on her allegations that the casino had agreed to settle her claim but delayed settlement by various means until the limitations period expired.

On January 19, 2009 the defendant filed the instant motion to dismiss, arguing that the plaintiff's case should be dismissed for failure to list it on her Chapter 7 bankruptcy petition.

As stated above, the plaintiff's alleged injury occurred on January 31, 2003. In theory, the

1

limitations period ran on January 31, 2006. The plaintiff filed a Chapter 7 bankruptcy petition in the Eastern District of Oklahoma on March 16, 2006 – some six weeks later. It is undisputed that the plaintiff did not list the instant claim as a contingent or unliquidated claim in her petition. On July 20, 2006 the Bankruptcy Court entered an order discharging the plaintiff's debts. Eight months later, on March 26, 2007, the plaintiff filed the instant suit.

In response to the defendant's motion to dismiss, the plaintiff, acting *pro se*, argues that she made no attempt to conceal or misrepresent her claim against the defendant in her bankruptcy petition. She contends that her claim expired prior to her bankruptcy filing and that "[d]uring the preparation of the Plaintiff's bankruptcy schedules she was advised by counsels' representative that the expired claim was not considered an asset because there was no action the bankruptcy Trustee could take in the matter." Plaintiff's Response at 3. Her response avers that she has informed the trustee of the instant lawsuit and that "[a] formal announcement of his decision as to his desire to intervene or to abandon is pending." Plaintiff's Response at 4. She also states: "On January 29, 2009, the Plaintiff notified all concerned parties to her bankruptcy making them aware of the new status of her personal injury claim against Robinson Property Group. Amended documents were submitted for their consideration." Plaintiff's Response at 4.

The defendant counters that the plaintiff believed she had a valid claim against them, even though she did not list it on her bankruptcy petition, as evidenced by paragraph 23 of the plaintiff's Complaint which states: "In a letter dated June 06, 2006, Sedgwick CMS [the defendant's insurer] responded to plaintiffs [sic] claim by stating that the statute of limitation on this claim had expired and no voluntary payment would be received." Thus, the defendant argues, just before receipt of the June 6, 2006 letter from the defendant's insurer, the plaintiff believed she still had a claim against

2

the defendant and the plaintiff received this letter approximately three months after she filed her bankruptcy petition on March 16, 2006 and approximately one month before her discharge on July 20, 2006.

## II. DISCUSSION

### A. Conversion of 12(b)(6) Motions into a Rule 56 Motion

Fed. R. Civ. P. 12(b) provides in pertinent part:

If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented to an not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Thus, if the court considers matters outside the pleadings in ruling upon a Rule 12(b)(6) motion to dismiss, the court must convert the motion to one for summary judgment. *Tuley v. Heyd*, 482 F.3d 590, 592 (5th Cir. 1973). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

The court concludes that ruling upon the defendant's motion to dismiss necessarily requires consideration of matters outside of the pleadings; namely, the plaintiff's bankruptcy petition and her allegations regarding why she did not list the instant action on her petition.

### B. Summary Judgment

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). On

motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (l986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 3l7, 322 (l986).

**C. Law of the Case Doctrine**

"The law of the case doctrine provides that an issue of law or fact decided on appeal may not be reexamined ... by the appellate court on a subsequent appeal." *Fuhrman v. Dretke*, 442 F.3d 893, 896 (5th Cir.2006). "On remand, the only issues properly before the district court [are] those that [arise] from the remand." *United States v. Griffith*, 522 F.3d 607, 610 (5th Cir . 2008). "A corollary of the law of [the] case doctrine is the mandate rule, which provides that a lower court on remand must implement both the letter and spirit of the [appellate court's] mandate, and may not disregard the explicit directives of that court." *Tollett v. City of Kemah*, 285 F.3d 357, 364 (5th Cir. 2002).

The Fifth Circuit Court of Appeals vacated this court's order granting the defendant's Rule 12(b)(6) motion, concluding that the plaintiff stated a claim above a speculative level for the equitable estoppel tolling of the three-year statute of limitations period applicable to the plaintiff's claims of premises liability, negligent misrepresentation, and fraudulent concealment. There was no

4

discussion of whether the plaintiff listed the instant claims on her bankruptcy petition before the plaintiff appealed this court's original dismissal. Nor is there any evidence that this matter was brought up on appeal or that the defendant had knowledge of the bankruptcy petition before the appeal given that discovery had not yet been completed. Furthermore, since this court has converted the defendant's second Rule 12(b)(6) motion into one for summary judgment, the court is not running afoul of the Court of Appeals' ruling regarding whether the plaintiff's claims should survive Rule 12(b)(6) analysis.

Accordingly, the court concludes that neither the law of the case doctrine nor the mandate rule precludes a ruling upon the judicial estoppel issue. Although the Court of Appeals ruled that the plaintiff's equitable estoppel claim should survive a Rule 12(b)(6) inquiry, thereby allowing her claims to proceed without regard to the limitations issue, the Court did not explicitly or implicitly rule upon or consider the bankruptcy issue. Indeed, the instant judicial estoppel issue arises from the Court's remand and does not involve the "letter or spirit" of the Court's mandate pursuant to *Griffith*, 522 F.3d at 610 and *Tollett*, 285 F.3d at 264.

### **D. Judicial Estoppel**

Judicial estoppel "is a common law doctrine that prevents a party from assuming inconsistent positions in litigation." *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004) (citing *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988)). "The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." *Id.* (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999)). The doctrine of judicial estoppel "is designed to protect the judicial system, not the litigants...." *Id.*

There are three requirements for application of the judicial estoppel doctrine: "(1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent." *Superior Crewboats*, 374 F.3d at 335.

With regard to the first element – whether the plaintiff's current position is clearly inconsistent with the previous one – "the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*." *Coastal Plains*, 179 F.3d at 207-08 (emphasis in original). This duty is continuous. *Id.* It is undisputed that the plaintiff's alleged injury occurred on January 31, 2003 and that she did not list her claims based on that alleged injury on her March 16, 2006 bankruptcy petition. It is also undisputed that she received a discharge on July 20, 2006 without the trustee or the Bankruptcy Court having considered the value of the subject contingent and unliquidated claims. Thus, there is clear inconsistency between stating by omission on her March 16, 2006 bankruptcy petition to a Bankruptcy Court that she had no claims arising from her alleged January 31, 2003 injury and pursuing those claims before this court beginning with the filing of her March 26, 2007 Complaint. As stated by the Fifth Circuit, "omission of the personal injury claim from [a debtor's] mandatory bankruptcy filings is tantamount to a representation that no such claim existed." *Superior Crewboats*, 374 F.3d at 335.

As to the second element – whether the court accepted the previous position – it is undisputed that the Bankruptcy Court granted the plaintiff a discharge on July 20, 2006 without considering the potential value of her instant claims. The court concludes that the Bankruptcy Court accepted her previous position and therefore the second element of judicial estoppel is met.

6

The third element of judicial estoppel requires that the non-disclosure was not inadvertent. "[T]he debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment." *Coastal Plains*, 179 F.3d at 210 (emphasis in original). The plaintiff alleges that she was advised that the statute of limitations period had expired on her claims and that therefore she did not need to list those claims on her bankruptcy petition. However, the plaintiff's Complaint clearly evinces that she dutifully pursued her claims beginning with her March 18, 2003 demand letter to Horseshoe Casino, Complaint at ¶ 9, through her May 2006 demand letter to the defendant's insurer Sedgwick CMS, Complaint at ¶ 22, Sedgwick's June 6, 2006 letter to the plaintiff denying her settlement request, and her July 2006 telephone call to Sedgwick wherein the claims adjuster is alleged to have stated that the case was considered a stalemate and that therefore no voluntary payment would be made. In other words, the plaintiff alleges that she pursued her claims by negotiating with the defendant and their insurers from March 18, 2003 to at least July 2006. Thus, she clearly believed those claims to be valid and worth payment. Yet she did not list these claims in her March 16, 2006 bankruptcy petition nor were these claims considered by the trustee or Bankruptcy Court in the July 20, 2006 discharge.

With regard to the plaintiff's allegation that her omission was inadvertent because she had been advised to not disclose her claim because the statute of limitations period had expired, the Fifth Circuit has held that "[a]lleged confusion as to a limitations period does not evince a lack of knowledge as to the existence of the claim." *Superior Crewboats*, 374 F.3d at 335. As discussed above, it is clear that the plaintiff was aware of she had contingent and unliquidated claims arising from her alleged injury at the casino from January 31, 2003 and that she pursued those claims with

7

the casino and their insurer well after she filed her bankruptcy petition and ultimately filed a lawsuit well after she received her discharge. Therefore, the court concludes that regarding the third element of judicial estoppel, the plaintiff knew of her undisclosed claims.

As to the plaintiff's statements that she has since notified the trustee of her claims, the court finds no exception to the judicial estoppel doctrine based on notifications to the a bankruptcy trustee well after the discharge is granted – in this case, almost three years after the discharge order.

### III. CONCLUSION

For the reasons discussed above, the court concludes that the defendant's motion, converted to a motion for summary judgment, should be granted because the plaintiff's claims are barred by the judicial estoppel doctrine. Accordingly, a Final Judgment shall issue forthwith,

**THIS DAY** of May 15, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE