**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**GLO KAUFMAN,**                                                                                   **PLAINTIFF,**

**VS.**                                                            **CIVIL ACTION NO. 2:07CV048-P-A**

**ROBINSON PROPERTY GROUP, L.P., et al.,
d/b/a Horseshoe Casino & Hotel,**                                  **DEFENDANT.**

<u>**ORDER**</u>

This matter comes before the court upon the plaintiff's Motion to Alter or Amend Judgment under Rule 59(e) [69]. After due consideration of the motion, the court finds as follows, to-wit:

A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002). The Fifth Circuit has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D.La.2000) (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, Federal Practice & Procedure § 2810.1, at 124 (2d ed.1995)). In *Lavespere v. Niagra Machine & Tool Works, Inc.*, the Fifth Circuit Court recognized that while a district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration, such discretion is not limitless. 910 F.2d 167, 174 (5th Cir. 1990). The Fifth Circuit has identified two important judicial imperatives relating to such a motion: 1) the need to bring

litigation to an end; and 2) the need to render just decisions on the basis of all the facts. *Id.* (citations omitted). The task for the district court is to strike the proper balance between these competing interests. *Id.*

On May 15, 2009 the court entered a Final Judgment and Memorandum Opinion granting the defendant's motion to dismiss the plaintiff's claims for failure to list those claims on her Bankruptcy Petition.

The court will consider the plaintiff's arguments in the instant motion for reconsideration in turn.

First, the plaintiff argues that her motion is necessary to correct the mistaken impression that defense counsel had no knowledge of the plaintiff's bankruptcy petition before her appeal of this court's November 28, 2007 Order granting the defendant's motion to dismiss for failure to state a claim. She argues further that the defendant failed to raise the bankruptcy issue during her appeal and therefore waived the argument pursuant to *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 n. 5 (5th Cir. 2003) (issues not raised on appeal are waived).

This court concludes that this argument is unavailing. Plaintiff's appeal involved an Order granting a Rule 12(b)(6) motion to dismiss based on the defendant's statute of limitations argument. Since the motion was one for failure to state a claim and was made relatively early in the litigation, as opposed to a motion for summary judgment under Rule 56, the defendant was not charged with asserting all of their defenses at such an early stage. As explained in its May 15, 2009 Memorandum Opinion granting the defendant's second motion to dismiss based on their bankruptcy judicial estoppel argument, which the court converted into a Rule 56 motion for summary judgment:

> [T]he court concludes that neither the law of the case doctrine nor the mandate rule precludes a ruling upon the judicial estoppel issue. Although the Court of Appeals

2

> ruled that the plaintiff's equitable estoppel claim should survive a Rule 12(b)(6) inquiry, thereby allowing her claims to proceed without regard to the limitations issue, the Court did not explicitly or implicitly rule upon or consider the bankruptcy issue. Indeed, the instant judicial estoppel issue arises from the Court's remand and does not involve the "letter or spirit" of the Court's mandate pursuant to *[United States v. Griffith*, 522 F.3d 607, 610 (5th Cir . 2008) and *Tollett v. City of Kemah*, 285 F.3d 357, 364 (5th Cir. 2002)].

May 15, 2009 Memorandum Opinion at 5.

Second, the plaintiff argues that the judicial estoppel doctrine should not apply to dismiss her case because the Bankruptcy Trustee in Oklahoma averred – after this court's Order dismissing this case for failure to list her claim on her bankruptcy petition – that he would not be pursuing this case and that he has filed documents with the Oklahoma Bankruptcy Court to effectively abandon the claim. In her response to the defendant's motion to dismiss based on judicial estoppel, the plaintiff stated that: "The Trustee to the Plaintiff's bankruptcy estate has been informed of the pending personal injury claim. A formal announcement of his decision as to his desire to intervene or to abandon is pending." Response, Docket # 53 at 4.

Because the doctrine of judicial estoppel "is designed to protect the judicial system, not the litigants....," *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004), and because all three of the elements of judicial estoppel are met regarding the plaintiff's failure to list the instant case on her bankruptcy petition[1], the court concludes that whether the Trustee abandons the claim well after the bankruptcy discharge is irrelevant to whether the judicial estoppel doctrine should apply. Since the court has already concluded that the judicial estoppel doctrine applies to require dismissal

---

[1] There are three requirements for application of the judicial estoppel doctrine: "(1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent." *Superior Crewboats*, 374 F.3d at 335.

of the plaintiff's case, the court concludes that her motion to reconsider should be denied since she has failed to demonstrate that the court committed a manifest error of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the plaintiff's Motion to Alter or Amend Judgment under Rule 59(e) [69] is **DENIED**.

**SO ORDERED** this the 16th day of September, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE